IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEDRO SEGURA, SR.,

    Plaintiff,

v.

COMMANDER TAD LARSON; and
MARION COUNTY SHERIFF'S OFFICE - JAIL,

    Defendants.

Case No. 6:21-cv-00223-YY

ORDER TO DISMISS

HERNÀNDEZ, Chief Judge.

Plaintiff, a pretrial detainee in custody at the Marion County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Amended Complaint.

## BACKGROUND

Plaintiff's Amended Complaint consists of a narrative statement of a litany of issues he has encountered during his incarceration as a pretrial detainee at the Marion County Jail, many of which pertain to the conditions of his confinement in segregation. Plaintiff alleges, for example,

1 - ORDER TO DISMISS

that he is denied adequate time to shower or recreate, access to purchase commissary items, telephone privileges, law library privileges, reading materials, adequate personal hygiene items, and access to video visitation. Plaintiff names as the sole defendant the Jail Commander who allegedly has failed to train, supervise, and discipline the staff and deputies under his command. By way of remedy, Plaintiff seeks money damages. Plaintiff also seeks a preliminary injunction forbidding all Jail deputies from taking certain actions against him, as well as appointment of counsel.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend the complaint unless it is clear that the deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8). Plaintiff's Amended Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

### II. Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (i.e., legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding § 1983 causation "must be individualized and focus on

the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" *Id*. (citation omitted).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Block v. Rutherford*, 468 U.S. 576, 583-85 (1984). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense[.]" *Bell*, 441 U.S. at 537. "Loss of freedom of choice and privacy are inherent incidents of confinement," and the fact that detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id*.

Absent a showing of an expressed intent to punish by prison officials, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. Thus, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting[.]" *Id*. at 540.

Prison administrators are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *id*. at 547, "unless the record contains substantial evidence

4 - ORDER TO DISMISS

showing their policies are an unnecessary or unjustified response to problems of jail security." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 322-23 (2012). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 540 n.23 (internal quotation marks omitted).

A pretrial detainee's conditions-of-confinement claim is governed by a purely objective standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).[1] A pretrial detainee must therefore show that: (1) a particular defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put him at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in similar circumstances would have appreciated the high degree of risk - making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the detainee's injuries. *Id*. at 1125.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that "turns on the facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks omitted). "A court must

---

[1] The Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims, beyond denial of medical care, failure to protect, and excessive force claims, although *Gordon* suggests that it will. *See Gordon*, 888 F.3d at 1120, 1124 & n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)); *see also Pitts v. Ige*, Case No. 18-00470 LEK-RT, 2019 WL 3294799, at *10 (D. Haw. July 22, 2019) (stating that deliberate indifference claims arising under the Fourteenth Amendment "are governed by a wholly objective standard").

make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*.

Here, Plaintiff's Amended Complaint does not allege facts sufficient for the court to undertake the analysis required to determine whether Defendant violated Plaintiff's constitutional rights in any of the multiple situations Plaintiff alludes to. Plaintiff's conclusory statements do not rise to the level of cognizable constitutional claims under § 1983, and the Amended Complaint must be dismissed.

## III.    Preliminary Injunction

As noted, Plaintiff seeks a preliminary injunction forbidding all jail deputies from taking various actions in connection with his confinement. The only named defendant, however, is the Jail Commander. A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two

elements of the *Winter* test are also met." *Id*. at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*, 632 F.3d at 1131-32).

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A "mandatory injunction" altering the status quo by granting such a motion, before trial, is appropriate only in extraordinary circumstances. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006), *overruled on other grounds by Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011). Moreover, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff seeks a mandatory injunction restraining individuals who are not parties in this action from taking actions concerning Plaintiff's conditions of confinement. The court cannot,

however, issue a preliminary injunction against individuals who are not parties to the action. *Bryant v. Kibler*, Case No. 2:21-CV-0060-TLN-DMC-P, 2021 WL 1423796, at *1 (E.D. Cal. April 15, 2021) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969)). Accordingly, the Court DENIES plaintiff's Motion for Preliminary Injunction.

## IV.     Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), the Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). In order to determine whether exceptional circumstances exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). At this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e). Accordingly, the Court DENIES Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Amended Complaint. Plaintiff may file a Second Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file a Second Amended Complaint will result in the dismissal of this proceeding, with prejudice.

The Court DENIES Plaintiff's Motion for Preliminary Injunction (ECF No. 55) and Plaintiff's Motion for Appointment of Counsel (ECF No. 51).

IT IS SO ORDERED.

DATED this  15  day of June, 2021.

Marco A. Hernàndez
Chief United States District Judge